Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3473 | **DATE** | 5-21-12 |
| **CASE TITLE** | David J. Andrews (R-67531) v. Al Henry Williams | | |

**DOCKET ENTRY TEXT:**

Plaintiff's *in forma pauperis* application [3] is incomplete and thus denied without prejudice to Plaintiff either submitting a completed one or pre-paying the $350 filing fee. Plaintiff's complaint is dismissed without prejudice. The clerk is directed to send to Plaintiff another *in forma pauperis* application and an amended complaint form. Plaintiff's motion for appointment of counsel [4] is denied without prejudice. Plaintiff is given 30 days to comply with this order. His failure to do so will result in the summary dismissal of this case.

■ [For further details see text below.] Docketing to mail notices.

## STATEMENT

Plaintiff David J. Andrews, currently confined at Big Muddy River Correctional Center, has filed this 42 U.S.C. § 1983 suit against Dixon, Illinois Attorney Al Henry Williams, who represented Plaintiff in his criminal case 11 CF 72. Plaintiff alleges that he paid Williams $2000 to represent him; that Williams failed to conduct or provide Plaintiff with discovery, that Williams filed no motions as Plaintiff requested, and that Williams prepared no defense, but instead told Plaintiff two days before trial to take a deal. Plaintiff further states that there were no grand jury proceedings, that Williams never sought blood and urine results from the alleged victim of Plaintiff's offense, and that Williams' license was or is about to be taken away for embezzlement. Plaintiff seeks to file his complaint *in forma pauperis* and also seeks the appointment of counsel for this case.

Plaintiff's *in forma pauperis* application is incomplete, as it contains neither a completed certificate from an authorized officer stating the average balance and deposit in Plaintiff's trust fund account, nor a copy of Plaintiff's trust fund account statement. The issue of the filing fee must be resolved before this case can proceed.

Under the Prison Litigation Reform Act ("PLRA"), an inmate must pay the $350 filing fee. If he cannot afford to pre-pay the fee, he may seek leave to proceed *in forma pauperis* to pay the fee with monthly deductions from his prison trust fund account. The *in forma pauperis* form requires inmates to obtain a certificate stating the amount of money they have on deposit in their prison or jail trust fund account. Inmates must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). These documents are necessary for this court to determine whether Plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee. Accordingly, the current application is denied without prejudice to Plaintiff submitting a completed application within 30 days of the date of this order. His failure to comply will result in dismissal of this case. N.D. Ill. Local Rule 3.3(e). The clerk shall forward an *in forma pauperis* application to Plaintiff.

**(CONTINUED)**

| | isk |
|---|---|

## STATEMENT

Additionally, Plaintiff's case fails to state a claim upon which this court can grant relief. Although Plaintiff's allegations describe an unfortunate experience, there is no basis for his claims in federal court. His claims of malpractice may state a cause of action under state law, but do not state a claim under federal law. *Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006) (legal malpractice is claim under state law, but is not a federal claim). To the extent Plaintiff seeks to bring a civil rights claim, the defendant attorney must have both acted under color of state law, i.e., be a state actor, and violated a constitutional or federal right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Defense attorneys, whether retained or appointed, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Lastly, because Plaintiff and Williams are Illinois citizens, federal diversity jurisdiction does not exist. 28 U.S.C. § 1332.

Plaintiff's allegations may support an ineffective assistance of counsel claim in a federal petition for habeas corpus relief, but Plaintiff must raise such a claim in a federal petition under 28 U.S.C. § 2254 and only after he has exhausted state court remedies. This court may not convert the current suit into a federal habeas petition. If Plaintiff wants to pursue his claims, he must do so in state court.

Accordingly, the complaint is dismissed. Plaintiff may seek to file an amended complaint if he believes he has a federal claim to assert. However, the court warns that if Plaintiff submits the same or similar complaint, such a complaint may not only be dismissed, but Plaintiff may incur a strike under 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to initiate a case in federal court without pre-paying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. § 1915(g).

The court denies without prejudice Plaintiff's motion for the appointment of counsel. Plaintiff has not demonstrated that he attempted to obtain counsel or that he has been prevented from doing so. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, his case does not currently involve complex issues, complex discovery, or an evidentiary hearing, and his complaint demonstrates his ability, at least at this stage, to present his claims competently. Accordingly, the motion for counsel is denied. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

FILED
2012 MAY 24 PM 4:20
CLERK
U.S. DISTRICT COURT